IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLIE WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-528-F |
| | ) | |
| OKLAHOMA COUNTY JAIL and | ) | |
| OKLAHOMA COUNTY SHERIFF | ) | |
| OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Plaintiff has sued two defendants, the Oklahoma County Jail and the Oklahoma County Sheriff Office. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 1-2 (May 20, 2009) ("Complaint"). Summary dismissal is necessary because the two defendants are not suable entities. However, the dismissal should be without prejudice and with leave to amend.

The Court must screen the cause of action to determine whether it states a valid claim because the Plaintiff is appearing *in forma pauperis*,[1] is a prisoner suing governmental entities,[2] and has sued over prison conditions.[3] Dismissal for failure to state a valid cause of

---

[1]  *See* Order Granting Leave to Proceed *In Forma Pauperis* (May 21, 2009).

[2]  *See* Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

[3]  *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1).

action is proper only if Mr. West has failed to plead "enough facts to state a claim to relief that [was] plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Capacity of the Oklahoma County Jail and Oklahoma County Sheriff's Office is determined by the law of the state in which the federal district court is located. *See* Fed. R. Civ. P. 17(b)(3). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12 § 2017(B). Applying this law, the Western District of Oklahoma has held that the Oklahoma County Jail and a county sheriff's office lack capacity to be sued.[4] Under these decisions, the Oklahoma County Jail and the Oklahoma County Sheriff's Office cannot be sued.

In an unsigned document attached to the complaint, Mr. West suggests that the "[Oklahoma County Jail] and the medical doctor" had neglected to provide proper medical treatment. Complaint, Attachment at p. 2. But the Plaintiff did not identify the medical doctor as a defendant. *See id.* at pp. 1-2. If the Plaintiff had intended to sue the doctor, rather than the jail or sheriff's office, the pleading defect could potentially be cured. As a result, the Court should allow Mr. West to amend the complaint within 20 days of an order adopting the present report. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).

---

[4] *See*, *e.g.*, *Myers v. Bird*, 2009 WL 890508, Westlaw op. at 1, 3 (W.D. Okla. Mar. 31, 2009) (unpublished op.) (dismissal of the Oklahoma County Detention Center as a defendant because it lacks an identity separate from the county itself); *Noland v. Garfield County Detention Center*, 2008 WL 4130309, Westlaw op. at 1-2 (W.D. Okla. Aug. 29, 2008) (unpublished op.) (dismissal of a county sheriff's office because it lacked a separate legal identity).

Mr. West can object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1). Any such objection must be filed with the Clerk of the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is June 18, 2009. *See* W.D. Okla. LCvR 72.1. The failure to timely object would waive the Plaintiff's right to appellate review of the recommended dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is terminated.

Entered this 29th day of May, 2009.

_____
Robert E. Bacharach
United States Magistrate Judge